```
         UNITED STATES DISTRICT COURT
         EASTERN DISTRICT OF LOUISIANA
```

**LISA N CAREY**                                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 22-1444**

**ST. CHARLES PARISH**                                        **SECTION "B"(5)**

### ORDER AND REASONS

Before the Court is defendant's motion to dismiss (Rec. Doc. 6). For the following reasons,

**IT IS HEREBY ORDERED** that the motion is **GRANTED**, dismissing the above-captioned matter **WITH PREJUDICE**.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Lisa N. Carey purchased a parcel of land at the beginning of 2006 containing the addresses 116 and 118 Byrd Lane, Hahnville, Louisiana, 70057. Rec. Doc. 1 at 1. Then in 2014, plaintiff, through the media, announced that "she would assist homeless veterans, senior citizens, minority and disabled citizens with housing at this location." *Id.* at 2. On December 5, 2018, St. Charles Parish filed a civil suit in the 29th judicial district court, alleging "[d]efendant's property contains unsafe structs that were damaged by fire . . . in violation of the St. Charles Parish Code of Ordinances, Chapter 16, Article IV, Section 16-47, Unsafe Structure That Must Be Demolished and Removed." Rec. Doc. 1-1 at 1-2.

On August 2, 2019, Ms. Carey filed in the latter state court an ex parte motion to dismiss. However, that court denied the

motion because "[i]t [was] not accompanied by affidavit or other exhibits corroborating the allegations contained therein," in addition to the fact that the motion did "not set forth a basis under the Louisiana Code of Civil Procedure on which this court can grant the ex parte relief sought." Rec. Doc. 6-3 at 4. The case was initially set for trial on April 5, 2019. However, it was continued several times before it was eventually heard on September 21, 2020. *See* Rec. Doc. 6-5 at 1. On September 21, 2020, proceeding pro se, plaintiff went to court the morning of trial and filed a motion for extension of time at 9:16 a.m. with the clerk of court. *See* Rec. Doc. 1 at 2; Rec. Doc. 6-6 at 6. According to plaintiff, "the clerk carried the motion to the judge, that morning for trial and Ms. Carey was instructed to wait in the clerk's office for the Judge's signature on her motion." Rec. Doc. 1 at 2.

The minute entry from state trial reflects that Ms. Carey did not appear before the court during the bench trial on September 21, 2020. *See* Rec. Doc. 1-3. At trial, the judge denied Ms. Carey's motion to continue, and the trial proceeded with the presentation of evidence of inspection reports to the court. *See id.* The court rendered a judgment in favor of St. Charles Parish ordering Ms. Carey to "remove the unsafe structures from the subject property." *See* Rec. Doc. 1-2 at 3; Rec. Doc. 1-3.

On October 21, 2020, Ms. Carey filed a notice of appeal with the trial court, and appeal was granted the same day. Rec. Doc. 6-

2

6 at 7. On appeal with Fifth Circuit Court of Appeal for the State of Louisiana, Ms. Carey argued that "the judgment [was] erroneous because she was misled by the Clerk of Court when she filed her motion for an extension of time on the morning of the trial, when the Clerk did not instruct her to go to the courtroom after filing the motion." Rec. Doc. 6-6 at 7-8. The appellate court held that the trial court did not abuse its discretion by denying the continuance, reasoning that the trial date was set on July 16, 2020, and she had seven months to find new counsel, and the motion for a continuance cited no reasons for the motion. *See id.* at 8-9. The court also stated the clerk of court had no duty to instruct Ms. Carey to go to the court room after filing the motion, as the "[c]lerk is without authority to advise litigants as to how to conduct their cases." *Id.* at 9. Therefore, the state appellate court held the assignment of error was without merit. *Id.*

Ms. Carey also alleged that "the purported lien holder on the subject property should have been served and allowed an opportunity to defend its security interest in the subject property." *Id.* In holding that this assignment of error was also without merit, the state court reasoned that Ms. Carey presented no authority for this argument and the record contained no evidence of a lien on the property. *Id.* Therefore the state court of appeal affirmed the trial court's judgment. *Id.*

On November 9, 2021, the Fifth Circuit Court of Appeal for the State Louisiana denied rehearing without reasons. *See* Rec. Doc. 6-7 at 1. Then on February 15, 2022, the Supreme Court of Louisiana denied Ms. Carey's application for writ of certiorari. *See* Rec. Doc. 6-8. The Supreme Court of Louisiana further denied Ms. Carey's application for reconsideration on April 26, 2022. *See* Rec. Doc. 6-9.

Ms. Carey, plaintiff herein, filed the instant complaint against St. Charles Parish on May 23, 2022, in the Eastern District of Louisiana under the Federal Fair Housing Act. *See* Rec. Doc. 1.

## II.   LAW AND ANALYSIS

### A. 12(b)(6) Motion to Dismiss Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint "must contain enough facts to state a claim to relief that is plausible on its face." *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotes omitted)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

4

However, the court is not bound to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002). A complaint may be dismissed when it appears "beyond a doubt that plaintiff can prove no set of facts" that would entitle him to prevail. *Twombly*, 550 U.S. at 560–61; *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, 178 F. Supp. 3d 390, 399 (E.D. La. 2016). However, the Fifth Circuit has stated that motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are "viewed with disfavor and are rarely granted." *Lormand*, 565 F.3d at 232 (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)).

**B. Plaintiff Fails to State Claims under the Fair Housing Act**

As a threshold matter, plaintiff fails to make out a prima facie case for her claim of disparate treatment under the Fair Housing Act. In her complaint, plaintiff alleges, "This court has Subject Matter Jurisdiction over this matter because of Federal Question 42 U.S. Code 3604, under the Fair Housing Act." Rec. Doc. 1 at 1. The Fifth Circuit has stated, "[t]o make out a prima facie claim of disparate treatment under the FHA, [plaintiff] must

5

establish (1) membership in [a] protected class, (2) that [plaintiff] applied and was qualified to rent or purchase housing[,] (3) that [plaintiff] was rejected, and (4) that the housing thereafter remained open to similarly situated applicants." *Crain v. City of Selma*, 952 F.3d 634, 640-41 (5th Cir. 2020) (quoting *Inclusive Comms. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 910 (5th Cir. 2019)) (internal quotations omitted).

Here, plaintiff alleges that "Ms. Carey started having problems with St. Charles Parish in 2012 found out Ms. Carey, (a black woman) actually owned the property." Rec. Doc. 1 at 2. While plaintiff alleges the first element of being a member of a protected class, she fails to allege any facts pertaining to elements two through four. The complaint is devoid of any facts or allegations supporting a claim under Section 3604. As plaintiff did not make a prima facie showing of her claims under Section 3604 of the Fair Housing Act, her claims under 42 U.S.C. § 3604 must be dismissed.

### C. Any New or Existing Claims by Plaintiff are Barred by the Doctrine of Res Judicata

Under the doctrine of res judicata, a plaintiff is barred from re-litigating a claim already decided. The Fifth Circuit has held that "[d]ismissal under Rule 12(b)(6) on *res judicata* grounds is appropriate when the elements of res judicata are apparent on

the face of the pleadings." *Stevens v. St. Tammany Parish Government*, 17 F.4th 563, 571 (5th Cir. 2021) (alterations and emphasis in original) (quoting *Murry v. Gen. Servs. Admin.*, 553 F. App'x 362, 364 (5th Cir. 2014)) (internal quotations omitted). "A federal court asked to give res judicata effect to a state court judgment must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Prod. Supply Co., Inc. v. Fry Steel Inc.*, 74 F.3d 76, 78 (5th Cir. 1996) (quoting *E.D. Sys. Corp. v. S.W. Bell Tel. Co.*, 674 F.2d 453, 457 (5th Cir. 1982)) (internal quotations omitted). The Louisiana res judicata statute states:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent: (1) If the judgment is in favor of the plaintiff, all causes of action existing at the of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment. (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action. (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

La. Rev. Stat. § 4231. According to the Louisiana Supreme Court, res judicata precludes the second action where:

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time

of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Burguieres v. Pollingue*, 2002-1385 (La. 2/25/03), 843 So. 2d 1049, 1053.

First, a Louisiana court has found that "a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice has been given[.]" *Romious v. Williams*, No. 20-cv-2066, 2021 WL 6108025, at *2 (E.D. La. Apr. 13, 2021) (quoting *Wicker v. La. Farm Bureau Cas. Ins. Co.*, 2018-0225 (La. App. 1 Cir. 9/21/18); 257 So. 3d 817, 822) (internal quotations omitted). This case was initially set for trial in state court on April 5, 2019, and, after around eight continuances, the final trial date of September 21, 2020, was set on July 16, 2020. *See* rec. Doc. 6-5 at 1; Rec. Doc. 6-6 at 8-9. Further, Ms. Carey appeared at court the day of the trial to submit a motion to continue, there is no question whether proper notice was given. *See* Rec. Doc. 6-6 at 8-9. No parties allege an issue of subject matter or personal jurisdiction, therefore, the first element is satisfied.

Second, the judgment was final. "[A] final judgment is one that disposes of the merits in whole or in part." *Romious*, 2021 WL 6108025, at *2 (quoting *Wicker*, 257 So. 3d at 822) (internal quotations omitted). Here, the district court's judgment disposed

8

of the merits in full, and therefore the judgment was final. *See* Rec. Doc. 6-5.

Third, the parties in both actions are the same. Here, in the original state court petition, plaintiff was the Parish of St. Charles through the Department of Planning and Zoning, and the defendant was Lisa N. Carey. Rec. Doc. 6-2 at 1. In the present suit, the plaintiff is Lisa N. Carey and the defendant is the Parish of St. Charles through the Department of Planning and Zoning. Rec. Doc. 1 at 1. The parties in this case are the exact same as the previous state court case, however, the parties reversed roles. Therefore, the third element is met.

Fourth, the causes of action asserted in the second suit existed at the time of final judgment in the first litigation. In her complaint, plaintiff alleges "This court has Subject Matter Jurisdiction over this matter because of Federal Question 42 U.S. Code 3604, under the Fair Housing Act." *Id.* This is the first time Ms. Carey has alleged a Fair Housing Act violation in either suit. Assuming that plaintiff did make a prima facie showing of her claims under the Fair Housing Act, plaintiff would still be barred from litigating any claim under the Fair Housing Act in this suit, as it existed as a compulsory reconventional demand at the time of final judgment in the first litigation.

Under Louisiana law "The defendant in the principal action . . . shall assert in reconventional demand all causes of action

9

that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action." La. Code Civ. Pro 1061. "If a defendant fails to file a compulsory reconventional demand he is barred from litigating the claim in a subsequent suit." *Sessions & Fishman v. Liquid Air Corp.*, 94-0003 (La. App. 4 Cir. 8/17/94); 642 So. 2d 249, 251 (citing comments to La. Code Civ. Proc. Arts. 1061, 1039). Here, all claims arise out of the same transaction or occurrence of the principal action.

The Supreme Court of the United States has made it clear that in order to reserve the right to litigate federal claims in federal court while the action is proceeding in state court, the party "must inform [the state court] what his federal claims are, so that the state statute may be construed 'in light of' those claims." *See England v. La. State. Bd. Of Medical Examiners*, 375 U.S. 411, 420 (1964). The Supreme Court suggested that a party "inform the state courts that he is exposing his federal claims there only for the purpose of complying with Windsor, and that he intends, should the state courts hold against him on the question of state law, to return to the District Court for disposition of his federal contentions." *Id.* at 468. In the instant case, plaintiff made no such reservation of her federal claims in the state court suit, therefore, they would be barred from subsequent litigation here. As all claims existed at the time of the final

10

judgment of the first litigation, the fourth element of res judicata is nonetheless satisfied.

Fifth, the causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Plaintiff does not allege that any claims in this litigation arise from a separate transaction or occurrence than the first litigation. On the contrary, plaintiff alleges the same facts, and seeks an injunction or stay based on all the documentation from the state courts. *See* Rec. Doc. 1 at 2-3. Therefore, the fifth element is satisfied.

All elements being satisfied, this action is precluded by the doctrine of res judicata.

### D. **This Action is Further Precluded by the *Rooker-Feldman* Doctrine**

Additionally, it is worth noting that the *Rooker-Feldman* doctrine precludes this Court from hearing this case. "[T]he *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4d 374, 384 (5th Cir. 2022) (quoting *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013)). Here, plaintiff is attempting to use this Court to review the decisions of the state courts evidenced by her requested relief. *See* Rec. Doc. 1 at 3. No additional facts were alleged, the parties

11

remained the same merely reversed, and this Court fails to see any notable difference in this litigation and the state court litigation. Federal district courts cannot act as another trial court or an addition appellate court for the parties unhappy with the outcome of the state courts. *Figures v. Hous. Auth. of City of Jackson, Miss.*, No. 3:16-CV-563-HTW-LRA. 2017 WL 5654751, at *3 (S.D. Miss. Mar. 30, 2017). Therefore, this case must be dismissed.

    New Orleans, Louisiana this 9th day of January, 2023

                                              _____
                                              SENIOR UNITED STATES DISTRICT JUDGE